UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-130-TAV-DCP |
| | ) | |
| BENNIE E. HOUGH, | ) | |
| KENTRALE L. MCCLURE, and | ) | |
| DAVID L. FLURI, JR., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. A pretrial order was entered in this case on June 18, 2025 [Doc. 66]. Defendant Kentrale L. McClure filed a Motion to Continue [Doc. 67] on June 23, 2025, which District Judge Thomas A. Varlan referred to the undersigned for consideration and determination or report and recommendation, as may be appropriate [Doc. 68].

Defendant McClure asks the Court to continue the trial date and related deadlines [Doc. 67]. In support of his motion, he states that counsel and the Government are still negotiating and request time to come to a resolution [*Id.* at 1]. Defendant understands all time will be excluded [*Id.*]. He represents that the Government does not oppose the motion [*Id.*].

On June 26, 2025, the Court ordered the other parties to file a position on the matter of continuance to the extent one was not stated in Defendant McClure's motion or otherwise on the record [Doc. 69]. Defendant Hough filed a notice that he has no objection [Doc. 70]. He states that he is similarly situated in that his counsel needs more time to seek a resolution to the matter [*Id.*]. Defendant Hough understands that the time between the filing of the motion to continue and a rescheduled court date is fully excludable for speedy trial purposes [*Id.*].

Counsel for Defendant Fluri filed a notice that he recently learned that Defendant Fluri passed away and is working to obtain a copy of his death certificate [Doc. 71]. As a result, counsel takes no position on the motion to continue [*Id.*].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants McClure and Hough the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel need time to engage in plea negotiations, and if those negotiations are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the July 15, 2025 trial date.

The Court therefore **GRANTS** Defendant Kentrale L. McClure's Motion to Continue [**Doc. 67**]. The trial of this case is reset to **December 2, 2025**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the initial motion on June 23, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Kentrale L. McClure's Motion to Continue [**Doc. 67**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 2, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **June 23, 2025**, and the new trial date of **December 2, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 3, 2025**;

(5) the deadline for filing motions *in limine* is **November 17, 2025**, and responses to motions *in limine* or due on or before **November 25, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 18, 2025, at 3:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 21, 2025**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge