UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-130-TAV-DCP |
| | ) | |
| BENNIE E. HOUGH, and | ) | |
| KENTRALE L. MCCLURE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Bennie Hough's Motion to Continue Trial Date and Related Deadlines [Doc. 86], filed on February 23, 2026.

Defendant Hough asks the Court to continue the March 31, 2026 trial date [*Id.*]. As grounds, Defendant states the discovery is voluminous and defense counsel, who was substituted on November 24, 2025, needs more time to review the discovery, to prepare pretrial motions, and to prepare the case for trial [*Id.* ¶¶ 1–3]. The motion relates that a trial continuance will also permit time for the parties to seek a negotiated resolution [*Id.* ¶ 4]. Defendant Hough understands that the time between the filing of the motion and the new trial date will be excludable under the Speedy Trial Act [*Id.* ¶ 5]. The motion relates that both the Government and counsel for Defendant McClure do not oppose the requested continuance [*Id.* ¶¶ 6]. Counsel for Defendant McClure confirmed by email to Chambers that Defendant McClure understands his speedy trial rights and agrees with the motion.

Based upon the information in Defendant Hough's motion, and because neither the Government nor Codefendant McClure opposes a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for both Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant Hough needs time to review discovery and familiarize himself with the case.[1] The parties also seek additional time to engage in plea negotiations. Finally, if plea negotiations ultimately prove unfruitful, counsel will need time to prepare for trial. The Court finds that all of this cannot occur before the March 31, 2026 trial date.

The Court therefore **GRANTS** Defendant Hough's Motion to Continue Trial Date and Related Deadlines [**Doc. 86**]. The trial of this case is reset to **July 21, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all the time between the filing of Defendant Hough's motion on February 23, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

---

[1] Although Defendant Hough states that his new counsel may seek to file pretrial motions, the last motion deadline in this case expired more than a year ago on January 7, 2025 [*See* Doc. 41, Minutes]. Given that, the Court is reluctant to reopen the motion deadline at this late stage in the case. If counsel for Defendant Hough determines a pretrial motion is necessary, he may move for leave to file the motion out of time for good cause shown, attaching a copy of the proposed motion. *See United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) ("Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice."). The sooner any such motion is filed, the less prejudice it will cause.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Bennie Hough's Motion to Continue Trial Date and Related Deadlines [**Doc. 86**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 23, 2026**, and the new trial date of **July 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 18, 2026**;

(5) the deadline for filing motions *in limine* is **July 6, 2026**, and responses to motions *in limine* are due on or before **July 14, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge